IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| Dale Benfield,<br><br>    *Plaintiff,*<br><br>v.<br><br>Arrow Senior Living, LLC; Stephanie Harris; 5522 W. Northgate Road OPCO LLC; NWKC Housing – DE, LLC; 823 S 36th Street Owner LLC; St. Peters Senior Community, LLC; ASR 611 Cosby Owner, LLC; 2900 S. Jefferson Owner LLC; Arrow Senior Living Cedarstone, LLC; Arrow Senior Living Olathe, LLC; 5000 Arkanshire Circle Owner LLC; Arrow Senior Living Mallard Point, LLC; 2601 Montvale Drive Owner, LLC; 2423 Walden Road Owner LLC; Arrow Senior Living Plaza, LLC; Arrow Senior Living Ann Arbor, LLC; Arrow Senior Living Wichita, LLC; Arrow Senior Living Town and Country, LLC; Pinnacle Prairie Senior Living, LLC,<br><br>    *Defendants.* | Case No. 5:25-cv-05253-TLB<br><br>**\* \* \* Jury Trial Demanded \* \* \*** |

# Complaint

Plaintiff Dale Benfield ("Benfield") brings this action for copyright infringement against the Defendants identified more specifically below.

## Parties

1. Plaintiff Dale Benfield is a professional photographer residing in Rogers, Arkansas. He is the sole author and owner of the copyrighted works at issue, which are

registered with the U.S. Copyright Office. Plaintiff has never been an employee of any Defendant, has not assigned any rights in the works to any Defendant, and none of the works were created as works made for hire.

2. Defendant Arrow Senior Living, LLC is a Missouri company authorized to do business in Arkansas, with its registered agent, Cogency Global, Inc., located at 1215 Twin Lakes Drive, Little Rock, Arkansas 72205. Arrow manages several senior living centers and is responsible for advertising, hiring and managing staff, and other day-to-day operations. Its leadership's actions and knowledge apply to all the facilities it controls. In Arkansas, Arrow manages centers in Little Rock, Springdale, Maumelle, and Rogers. Across six states, including Arkansas, it operates 37 senior living centers and promotes them nationally through a strong online presence.

3. Defendant Stephanie Harris is the CEO and Principal of Arrow Senior Living, LLC, which is based at 3333 Rue Royale, St. Charles, Missouri 63301. She lives in St. Charles and is a licensed Missouri attorney. She also authored a digital training guide on senior housing sales, showing her understanding of legal matters like cease-and-desist letters. On August 8, 2024, Ms. Harris received a written notice from Plaintiff Benfield demanding that she stop the unauthorized use of Benfield's copyrighted photos by at least 15 entities. This letter gave actual notice to all entities under her control as CEO and Principal of Arrow's 37 properties. Ms. Harris is also sued in her individual capacity for knowingly and willfully infringing Benfield's intellectual property rights.

4. Defendant 5522 W. Northgate Road OPCO LLC is a Missouri company registered to do business in Arkansas. Its registered agent is Corporation Service Company, located at 300 S. Spring Street, Suite 900, Little Rock, Arkansas 72201. It owns and operates "Pinnacle Groves Senior Living," a senior living facility at 5522 W. Northgate Road, Rogers, Arkansas 72758. The facility promotes itself through its website at https://pinnaclegrovesseniorliving.com. The Defendant is currently using at least fourteen (14) of Plaintiff's copyrighted images on its website and marketing materials

without permission. These violations continue even after the Defendant received formal notice through a cease-and-desist letter sent to Stephanie Harris, CEO of Arrow Senior Living, LLC—the company managing or operating the facility. Defendant's continued, unauthorized use of Plaintiff's copyrighted works, after receiving express notice of the infringement, constitutes willful copyright infringement under 17 U.S.C. § 501. Such conduct is attributable not only to 5522 W. Northgate Road OPCO LLC, but also to Ms. Harris and Arrow Senior Living, LLC, who exercised control over, directed, and benefitted from the infringing activities.

    5. Defendant NWKC Housing – DE, LLC is a Delaware company registered to do business in Missouri. Its registered agent is Capitol Corporate Services, Inc., located at 222 E. Dunklin, Suite 102, Jefferson City, Missouri 65101. It operates "The Barrymore Senior Living," located at 8400 N. Marston Avenue, Kansas City, Missouri 64154. This facility is managed by Arrow Senior Living, LLC and Stephanie Harris. In 2024, it used several of Plaintiff's copyrighted images without permission on its website and brochures. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer payment for past infringing use.

    6. Defendant 823 S 36th Street Owner LLC is a Delaware company registered to do business in Illinois, with its registered agent, Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. It operates "Curtis Creek Senior Living" at 823 S. 36th Street, Quincy, Illinois 62301. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 55 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer any compensation for past infringing use.

    7. Defendant St. Peters Senior Community, LLC is a Missouri company registered to do business in Missouri, with its registered agent, Capitol Corporate Services, Inc., located at 222 E. Dunklin Street, Suite 102, Jefferson City, Missouri 65101. It operates

"The Boulevard Senior Living of Saint Peters," located at 500 Bluffstone Circle, St. Peters, Missouri 63304. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 48 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

8.  Defendant ASR 611 Cosby Owner, LLC is a Delaware company registered to do business in Missouri, with its registered agent, CSC-Lawyers Incorporating Service Company, located at 221 Bolivar Street, Jefferson City, Missouri 65101. It operates "The Burlington Creek Senior Living" at 6311 N. Cosby Avenue, Kansas City, Missouri 64151. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 50 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

9.  Defendant 2900 S. Jefferson Owner LLC is a Delaware company registered to do business in Missouri, with its registered agent, CSC-Lawyers Incorporating Service Company, located at 221 Bolivar Street, Jefferson City, Missouri 65101. It operates "The Cambridge Senior Living" at 2900 S. Jefferson Avenue, Springfield, Missouri 65807. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 46 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

10.  Defendant Arrow Senior Living Cedarstone, LLC is a Missouri company registered to do business in Iowa, with its registered agent, Cogency Global Inc., located at 100 Court Avenue, Suite 201, Des Moines, Iowa. It operates "Cedarstone Senior Living" at 4715 Algonquin Drive, Cedar Falls, Iowa 50613. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 55 of Plaintiff's copyrighted

images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

11. Defendant Arrow Senior Living Olathe, LLC is a Missouri company registered to do business in Kansas, with its registered agent, Cogency Global Inc., located at 2101 S.W. 21st Street, Topeka, Kansas 66604. It operates "The Crestone Senior Living" at 21810 West 119th Street, Olathe, Kansas 66061. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 49 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

12. Defendant 5000 Arkanshire Circle Owner LLC is a foreign limited liability company registered to do business in Arkansas, with its registered agent, Corporation Service Company, located at 300 Spring Building, Suite 900, Little Rock, Arkansas 72201. It operates "The Gardens Senior Living at Arkanshire" at 5000 Arkanshire Circle, Springdale, Arkansas 72764. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 49 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

13. Defendant Arrow Senior Living Mallard Point, LLC is a Missouri company registered to do business in Iowa, with its registered agent, Cogency Global Inc., located at 100 Court Avenue, Suite 201, Des Moines, Iowa. It operates "Mallard Point Senior Living" at 2603 Orchard Drive, Cedar Falls, Iowa 50613. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 47 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After

receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

14. Defendant 2601 Montvale Drive Owner, LLC is a Delaware company registered to do business in Illinois, with its registered agent, Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703. It operates "Curtis Creek Senior Living" at 823 S. 36th Street, Quincy, Illinois 62301. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 50 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

15. Defendant 2423 Walden Road Owner LLC is a Delaware company registered to do business in Iowa, with its registered agent, Corporation Service Company, located at 505 5th Avenue, Suite 729, Des Moines, Iowa 50309. It operates "Walden Place Senior Living" at 2423 Walden Road, Iowa City, Iowa 52246. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 48 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

16. Defendant Arrow Senior Living Plaza, LLC is a Missouri company registered to do business in Missouri, with its registered agent, Patrick T. Wittenbrink, located at 120 S. Central Avenue, Suite 1800, St. Louis, Missouri 63105. It operates "The Plaza Senior Living at Wildwood" at 251 Plaza Drive, Wildwood, Missouri 63040. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 49 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

17.  Defendant Arrow Senior Living Ann Arbor, LLC is a Missouri company registered to do business in Kansas, with its registered agent, Cogency Global Inc., located at 2101 S.W. 21st Street, Topeka, Kansas 66604. It operates "The Rushwood Senior Living" at 2121 N. 143rd Street East, Wichita, Kansas 67230. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 27 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

18.  Defendant Arrow Senior Living Wichita, LLC is a Missouri company registered to do business in Missouri, with its registered agent, Patrick T. Wittenbrink, located at 120 S. Central Avenue, Suite 1800, St. Louis, Missouri 63105. It operates "University Senior Living" at 2865 South Main Street, Ann Arbor, Michigan 48103. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 36 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

19.  Defendant Arrow Senior Living Town and Country, LLC is a Missouri company registered to do business in Missouri, with its registered agent, Patrick T. Wittenbrink, located at 120 S. Central Avenue, Suite 1800, St. Louis, Missouri 63105. It operates "The Town & Country Senior Living" at 1020 Woods Mill Road, Town and Country, Missouri 63017. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 47 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past use.

20.  Defendant Pinnacle Prairie Senior Living, LLC is an Iowa company registered to do business in Iowa, with its registered agent, Michael K. Nelson, located at 405 6th Avenue, Des Moines, Iowa 50309. It operates "Prairiestone Senior Living" at 4900

Prairie Parkway, Cedar Falls, Iowa 50613. Managed by Arrow Senior Living, LLC and Stephanie Harris, the facility used over 48 of Plaintiff's copyrighted images without permission on its website and brochures as recently as 2024. After receiving Benfield's cease-and-desist letter, the Defendant removed the images but did not respond or offer compensation for past infringing use.

## Jurisdiction

21. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because the claims arise under the Copyright Act, 17 U.S.C. §§ 101 et seq.

22. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred here, and at least one Defendant conducts significant business operations in this district. Venue is also proper under 28 U.S.C. § 1400(b), which governs copyright cases, because one or more Defendants committed acts of copyright infringement in this district and have a regular and established place of business here. Specifically, Defendant 5522 W. Northgate Road OPCO LLC operates "Pinnacle Groves Senior Living" at 5522 W. Northgate Road, Rogers, Arkansas 72758. As of this filing, the Defendant continues to operate a commercial website that publicly displays Plaintiff's copyrighted works without permission, despite having received actual notice. These infringing acts target consumers in this district, are part of the Defendant's routine business activities, and constitute willful infringement under federal copyright law.

23. This Court has general personal jurisdiction over Defendants Arrow Senior Living, LLC and 5522 W. Northgate Road OPCO LLC because both maintain a continuous and systematic presence in Arkansas. They jointly operate a senior living facility at 5522 W. Northgate Road, Rogers, Arkansas 72758, and conduct regular business activities in this state. These Defendants also direct marketing materials, including unauthorized uses of Plaintiff's copyrighted works, toward Arkansas residents

through a commercial website and downloadable content. This sustained, purposeful business activity establishes the substantial connection required for general personal jurisdiction under due process principles.

24.  This Court has specific personal jurisdiction over all remaining Defendants under the standards articulated in *Whaley v. Esebag*, 946 F.3d 447 (8th Cir. 2020), and *Pederson v. Frost*, 951 F.3d 977 (8th Cir. 2020). As described in detail below, Defendants—acting through common executive leadership, including Ms. Stephanie Harris—have purposefully directed conduct toward the State of Arkansas that is central to Plaintiff's claims for copyright infringement. Defendants collectively operate a commercial enterprise engaged in the ownership, management, and promotion of senior living facilities, including the Pinnacle Groves Senior Living facility located at 5522 W. Northgate Road, Rogers, Arkansas. This facility is directly linked to the alleged infringing activity. The infringing content—including at least fourteen (14) of Plaintiff's copyrighted images—appears on a publicly accessible commercial website used to market the Arkansas facility, which is specifically directed at and accessible by Arkansas residents. The website and its downloadable marketing materials serve as an integral part of Defendants' business model and advertising strategy in Arkansas. Additionally, the website is controlled and maintained by corporate officers and personnel acting on behalf of multiple Defendant entities, all of which are part of a common enterprise directed by Arrow Senior Living, LLC. These entities share corporate leadership, branding, marketing infrastructure, and benefit financially from operations conducted in Arkansas. This includes the willful and continued exploitation of Plaintiff's copyrighted Works to solicit Arkansas consumers and promote services within the forum state. Under *Whaley*, purposeful direction of conduct at forum residents and a causal connection between that conduct and the asserted claims are sufficient to support specific jurisdiction. See *Whaley*, 946 F.3d at 453 (specific jurisdiction appropriate where defendant "purposefully directed" actions toward the forum and the claims "arise

out of or relate to the defendant's contacts"). The facts alleged here satisfy both prongs: Defendants' infringing acts were expressly aimed at Arkansas and caused harm to Arkansas resident Plaintiff within this jurisdiction. Accordingly, the coordinated and intentional conduct of all Defendants, including those organized or headquartered outside Arkansas, gives rise to specific personal jurisdiction in this forum. Further, the shared infrastructure, common leadership, and unified business purpose support a finding that the Defendants are engaged in a common enterprise, further strengthening the Court's authority to exercise jurisdiction over each entity involved in the infringing activity.

25. "Arkansas permits personal jurisdiction to the maximum extent provided by the Due Process Clause. Ark. Code Ann. § 16-4-101. Plaintiff only needs to demonstrate that a Defendant has sufficient minimum contacts with Arkansas so as not to offend traditional notions of fair play and substantial justice. *Whaley v. Esebag*, 946 F.3d 447, 451 (8th Cir. 2020). In other words, the conduct and connection with Arkansas must be such that Defendant could reasonably anticipate being haled into an Arkansas court. *Id*. The Eighth Circuit uses a five-part test to assess minimum contacts, with the first three factors being the most important: '(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties.' *Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir. 1996)." *Jason M. Hatfield, P.A. v. Ornelas*, No. 5:22-CV-05110, 2022 WL 16838137, at *8 (W.D. Ark. Nov. 9, 2022).

## Facts

26. Plaintiff offers photography services and grants permission to use and republish his works under license agreements and maintains a set royalty and licensing fee structure for any public use of his photographs.

27. The scope of such license is dependent upon the extent and nature of the use of the image(s). Considerations include whether the image will be used (1) in digital media or print media; (2) the frequency of use (whether a single-use or multi-use); (3) the term of license (a one-year or perpetual); and (4) the exclusivity of use of such image (exclusive or non-exclusive).

28. Plaintiff was contacted by one or more senior living centers and took photos using his exclusive discretion and expertise.

29. Plaintiff took images at specific health care facilities between 2018-2023.

30. Plaintiff selected specific images and licensed them only to designated entities.

31. The unlicensed entities named as Defendants in this case used Plaintiff's images without authority or permission.

32. On August 8, 2024, Henry, counsel for Benfield, sent a formal cease-and-desist letter to Stephanie Harris, CEO of Arrow Senior Living, LLC, identifying the unauthorized use of nearly 700 copyrighted images by at least fifteen senior living centers managed by Arrow Senior Living, LLC. **Exhibit 1**.

33. The letter demanded an immediate stop to all unlicensed and unauthorized use of Benfield's protected works.

34. The letter offered a license for future use and invited resolution of past unauthorized use of the protected works.

35. Benfield's standard licensing rates, published at https://Benfieldphotography.com/licensing, would result in $1.05 million in actual damages for the 700 images used without authorization, an amount to which Benfield is entitled as actual damages in this case.

36. By August 8, 2024, all Defendants in this lawsuit were placed on actual notice of Benfield's copyright claims due to their common management by Stephanie Harris and Arrow Senior Living, LLC.

37. Neither Arrow Senior Living, LLC nor Ms. Harris responded on behalf of the fifteen identified entities; however, those entities removed the images, confirming they received the communication.

38. On November 27, 2025, Benfield discovered a new senior living facility and website based in Rogers, Arkansas. Operated by Arrow Senior Living, LLC and owned by 5522 W. Northgate Road OPCO LLC, doing business as "Pinnacle Groves Senior Living," the website displayed over 14 of Benfield's copyrighted images without authorization or license.

39. Despite having actual notice of Benfield's intellectual property rights, 5522 W. Northgate Road OPCO LLC continues to use Benfield's photographs to promote its senior living facility without authorization. It has never been licensed to use the works and has not compensated Benfield for any past or ongoing infringement. Benfield is therefore entitled to statutory damages of up to $150,000 per infringement.

40. The following entities used Benfield's photographs for commercial purposes without a license or permission and have never compensated Plaintiff for their past infringement. After receiving Benfield's cease-and-desist letter, they collectively removed approximately 700 infringing images after August 8, 2024:

    a) 823 S 36th Street Owner LLC

    b) St. Peters Senior Community, LLC

    c) ASR 611 Cosby Owner, LLC

    d) 2900 S. Jefferson Owner LLC

    e) Arrow Senior Living Cedarstore, LLC

    f) Arrow Senior Living Olathe, LLC

    g) 5000 Arkanshire Circle Owner LLC

    h) Arrow Senior Living Mallard Point, LLC

    i) 2601 Montvale Drive Owner, LLC

    j) 2423 Walden Road Owner LLC

k) Arrow Senior Living Plaza, LLC

l) Arrow Senior Living Ann Arbor, LLC

m) Arrow Senior Living Wichita, LLC

n) Arrow Senior Living Town and Country, LLC

o) Pinnacle Prairie Senior Living, LLC

41. Plaintiff has registered the following Works with the Copyright Office for a group of published photographs: VA 2-433-168; VA 2-433-659; VA 2-433-532; VA 2-439-768; and VA 2-433-531. **Exhibit 2**.

## Causes of action

### Count One — Copyright infringement, Copyright Act, 17 U.S.C. § 501 against all Defendants

42. The preceding paragraphs are incorporated by reference.

43. Benfield owns all right and title all Works, comprising and not limited to the group of published photographs covered by U.S. Reg. Nos. VA 2-433-168, VA 2-433-532, VA 2-433-659, VA 2-439-768, and VA 2-433-531.

44. Through a thorough review of publicly available materials, Benfield confirmed that his Works were copied and distributed.

45. All such use and creation of derivative works by Defendants were done using Benfield's copyrighted photographs, without permission or authority.

46. Defendants publicly performed and put on display Benfield's Works in Internet and printed brochures and advertising.

47. Defendants had direct and immediate access to the photographic files for which Benfield obtained copyright registration(s) and have continued to use such file(s) to copy or create derivative works therefrom.

48. Defendants continued to access and utilize all computer files without authorization.

49. Defendants ignored Benfield's demands to cease any and use of such Works, but they continued using the Works, and such use is willful and in knowing violation of Benfield's copyrights.

50. Only Benfield has rights to reproduce, distribute, display, or perform these protected photographic works, or to make derivative works therefrom.

51. Benfield has not authorized any person or company to reproduce, distribute, display, or perform these protected photographic works, or to make derivative works therefrom.

52. The Defendants are infringing Benfield's exclusive rights by continuing to reproduce, distribute, display, and create derivative works of Benfield's protected Works, including those covered by the Registrations, without authorization.

53. Benfield has been damaged by such conduct and is entitled to an award of its actual damages pursuant to 17 U.S.C. § 504(b).

54. Benfield has been damages by such conduct and is entitled to an award of statutory damages for each photograph used without authorization pursuant to 17 U.S.C. § 504(c), for a sum of not less than $750 per infringing photograph or more than $30,000 as the court considers just. Because this case involves willful infringement, the award of statutory damages may be enhanced to $150,000 for each infringement.

55. Benfield suffered damages because of Defendant's infringing conduct and is entitled to an award of attorneys' fees and costs from for the unauthorized use, copying, distribution, display, and creation of derivative works from one or more of the Benfield's registered Works.

56. Benfield is entitled to recover pre- and post-judgment interest and court costs from Defendants.

57. Benfield is entitled to permanent injunctive relief to restrain copyright infringement including but not limited to further reproduction and distribution of Benfield's Works pursuant to 17 U.S.C. § 502.

58. Benfield is entitled to an order requiring the destruction or other reasonable disposition of all infringing copies found to have been made in violation of his exclusive rights pursuant to 17 U.S.C. § 503(b).

### Count Two — Violations of the Digital Millenium Copyright Act, 17 U.S.C. § 1201 *et seq.* against all Defendants

59. The preceding paragraphs are incorporated by reference.

60. Benfield created Works eligible for protection under the Copyright Act within the United States.

61. Benfield is the owner and author of original works protected by valid copyrights.

62. Benfield services relate to the Internet or electronic commerce.

63. The Defendants have facilitated, distributed, and developed websites using online electronic commerce using email transmissions and digital photographic files without providing proper attribution to Benfield.

64. The Works were rendered using multiple pieces of software and the photographs were taken and developed by Benfield.

65. The works on such electronic files were stored and modified using an array of online communications and within online locations, including Cloud computing storage files, servers, and other online means of storage and communications.

66. The Defendants knowingly and intentionally provided false copyright management information on its website and brochures to induce, enable, facilitate, or conceal infringement. 17 U.S.C. § 1202(a)(1).

67. The Defendants knowingly and intentionally distributed false CMI to induce, enable, facilitate, or conceal infringement. 17 U.S.C. § 1202(a)(2).

68. The Defendants transmitted Benfield's photography to media outlets and public and governmental agencies using electronic commerce, and photographs were the product of Benfield's copyrighted works; however, the Defendants knowingly and intentionally concealed Benfield's authorship and attribution thereby making such distribution with false CMI.

69. Authorized representatives of the Defendants had reason to know of the probable future impact of its actions of removing or altering Benfield's CMI.

70. By virtue of the Defendants' extensive website presence, the Defendants knew or should have known the alteration or removal of Benfield's CMI would induce, enable facilitate, or conceal the Defendants' infringement.

71. As a result of the illegal conduct of the Defendants, Benfield is entitled to recover Benfield's actual damages pursuant to 17 U.S.C. § 1203(c)(1)(A).

72. As a result of the illegal conduct of the Defendants, Benfield is legally entitled to recover the infringers' profits pursuant to 17 U.S.C. § 1203(c)(2).

73. As a result of the illegal conduct of the Defendants, the Court is authorized to issue an injunction to remedy the conduct pursuant to 17 U.S.C. § 1203(b)(1).

74. As a result of the illegal conduct of the Defendants, Benfield is entitled to a recovery of its costs of this action pursuant to 17 U.S.C. § 1203(b)(4).

75. As a result of the illegal conduct of the Defendants, Benfield is entitled to a recovery of its reasonable attorneys' fees invested into this action pursuant to 17 U.S.C. § 1203(b)(5).

76. As a result of the illegal conduct of the Defendants, the Court is authorized to order the destruction and remedial modification of any product involved in the violation that is in the custody or control of the illegal conduct of the Defendants pursuant to 17 U.S.C. § 1203(b)(6).

## Prayer for relief

77. Plaintiff is entitled to have and recover judgment against Defendants in an amount to be determined at trial.

78. Plaintiff demands a trial by jury.

79. Benfield prays this Court grant the following relief:

   (a) Statutory damages on all counts in an amount to be determined at trial;

   (b) Actual damages on all counts in an amount to be proven at trial;

   (c) costs and attorney's fees of the action;

   (d) permanent injunction; and

   (e) all other relief to which to which he is entitled.

DALE BENFIELD

_____
Mark Murphey Henry, Ark. Bar No. 97170
Otto Matthew Bartsch, Ark. Bar No. 2022264
HENRY LAW FIRM
P.O. Box. 4800
Fayetteville, Arkansas 72702
Telephone:   (479) 368-0555
Email:         mark@henry.us
Email:         otto@henry.us

*Counsel for Plaintiff*